[No. 711.   October 2, 1897.]

NEILL B. FIELD, Plaintiff in Error, v. JOHN S. CAIN, Defendant in Error.

JUDGMENT, FOREIGN—ASSIGNMENT OF—EVIDENCE.—In a suit on a judgment obtained in the court of another state, alleged to have been assigned to plaintiff, the validity of which depends on the statutes of that state, which are not proved, nor the genuineness of the judgment creditors' signature shown, a recovery can not be had.  The courts of this territory can not take judicial notice of the statutes of another state; they must be proved as facts in the case.  Nor is the record sufficient evidence of the assignment.

*Error*, from a judgment for plaintiff, to the First Judicial District Court, Santa Fe County.    Reversed and remanded. The facts are stated in the opinion of the court.

F. W. CLANCY for plaintiff in error.

The authentication of the alleged transcript was insufficient, because plaintiff below has attempted to certify his own record.    Filkins v. O'Sullivan, 79 Ill. 524; Morton v. Crane, 39 Mich. 528; Singletary v. Carter, 1 Bail. (S. C.) 467.

The alleged record fails to show that the Louisville law and equity court is the successor of or the same court as the vice-chancellor's court.  Morris v. Patchin, 24 N. Y. 396, 397; Haynes v. Cowen, 15 Kan. 643; Ducommun v. Hysinger, 14 Ill. 249.

There is no legal evidence to show any assignment of the original judgment to Cain.   He can not by his own act make

the alleged assignment a part of the record. Brown v. Wright, 21 L. R. A. 467; 20 Am. and Eng. Ency. Law, 475, and citations; Fisher v. Cockerell, 5 Pet. 254; Sargent v. State Bank, 12 How. 384, 385; Bronson v. Schulter, 104 U. S. 412, 413; England v. Gebhardt, 112 U. S. 505; Vandekarr v. The State, 51 Ind. 95; Kirby v. Wood, 16 Me. 82, 83; Storer v. White, 7 Mass. 448; Pierce v. Adams, 8 Mass. 383; Sharp v. Daugney, 33 Cal. 12, 13; Nichols v. Bridgeport, 22 Conn. 465, 466; Newman v. State, 14 Wis. 430, 431.

This court can not presume as to what may be the statute law of Kentucky in order to validate or strengthen the alleged record. Hanley v. Donoghue, 116 U. S. 1; Renaud v. Abbott, Id. 277.

H. L. WARREN and W. H. POPE for defendant in error.

The first objection made to the admissibility of the record is not well taken. Rev. Stat. U. S., sec. 905; Const. U. S., art. 4, sec. 1. See, also, Andrews v. Flock, 6 So. Rep. (Fla.) 907; Craig v. Brown, Pet. C. C. 352.

In the absence of proof to the contrary, it will be assumed that the Kentucky court had jurisdiction of the subject-matter and of all the necessary parties. Cangran v. Gilman, 46 N. W. Rep. (Ia.) 1005; 12 Am. and Eng. Ency. Law, 148, and citations.

In this territory the assignment of a judgment to plaintiff Cain was valid, to vest in him the equitable title and the right to maintain this action in the name of the judgment creditors. Comp. Laws, 1884, sec. 1882; 2 Black on Judg., sec. 421 et seq.; also, sec. 951, and citations; Freem. on Judg., sec. 421 et seq., and citations; Threshing Mach. Co. v. Peterson, 60 N. W. Rep. 747.

BANTZ, J.—The judgment was recovered in Kentucky by Fonda & Sons against Field and Cain, and it is alleged was assigned by Fonda & Sons to Cain, who brought this action upon it against Field. The judgment was rendered in an action brought in the vice-chancellor's court at Louisville.

The summons commanded Field and Cain to appear in the vice-chancellor's court. An attachment was sued out, and the garnishees were summoned to answer in the Jefferson court of common pleas. It does not appear with certainty whether the judgment was rendered in the vice-chancellor's court or in the Jefferson court of common pleas. The execution recites that it was rendered in the Jefferson court of common pleas. An assignment of this judgment to Cain, purporting to be signed by Fonda & Sons, was filed nearly seven years after the date of the judgment in the Louisville law and equity court. The record was certified under the act of congress, and in the certification it is recited that the Louisville law and equity court is the successor of the vice-chancellor's court, under an act of the general assembly of Kentucky. A recovery was had upon this judgment in the court below, and the cause was brought here on writ of error.

The record of the cause certified from Kentucky, upon which this action was brought, is very confusing. Full faith and credit must, of course, be given to judgments rendered in other states and territories, but just how much or what faith or credit would be given to this judgment in Kentucky would depend upon the statutes of that state. If process summoning a party to appear in one court can authorize a judgment to be rendered against him in another court, and if a new court was created as successor of the one in which process is returnable, it must be by some act of the state legislature. Our courts can not take judicial notice of the statutes of Kentucky. They must be proved as facts in the case. This essential proof was lacking in this case.

FOREIGN judgment: assignment of: evidence.

The record was not sufficient evidence of the assignment. The genuineness of the signature of Fonda & Sons was not shown, and there was not, and, without notice to Field, there could not be, an adjudication of the genuineness of that signature by the mere filing of the paper nearly seven years after the final judgment was rendered. Indeed, the connection with this action of the Louisville law and equity court, in which the

alleged assignment was filed, does not appear by any competent proof. If there be any statute making it evidence it was not shown. It will not be necessary or proper to consider the legal effect of the alleged assignment, as the fact has not yet been established. For these reasons this cause is reversed and remanded with directions to grant a new trial.

Smith, C. J., and Hamilton, J., concur.